UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD DWYER,

                Plaintiff,

    v.

TRINITY FINANCIAL SERVICES, LLC,

                Defendant.

CASE NO. C20-1236-JLR-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION

This matter comes before the Court on a Motion to Remand to King County Superior Court (Dkt. 12) filed by plaintiff Richard Dwyer. Defendant Trinity Financial Services, LLC opposes the motion. (Dkt. 13.) The Court, having considered the motion, submissions in favor and opposition to the motion, and relevant portions of the record, concludes the motion to remand (Dkt. 12) should be DENIED.

## BACKGROUND

Plaintiff initiated this lawsuit on August 3, 2020 by service of an unfiled summons and complaint on defendant. (Dkt. 3.) He brings claims under Washington's State Consumer

Protection Act and Collection Agency Act and under the federal Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Truth in Lending Act. (Dkt. 1-1.) The claims relate to a loan held by defendant securing plaintiff's real property in King County. On August, 18, 2020, defendant removed the case to this Court on the basis of both subject matter jurisdiction and the diversity of the parties' citizenship. (Dkt. 1.) At the time of removal, plaintiff had not filed a complaint in King County Superior Court. (*See* Dkt. 12, Ex. 1.) Plaintiff attests and defendant does not dispute that a copy of defendant's Notice of Removal was likewise never filed in superior court. (*See id.*) Pointing to the requirement under 28 U.S.C. § 1446(d) that a defendant file a copy of the notice in state court within thirty days of removal, plaintiff now moves to remand under 28 U.S.C. § 1447(c) based on this alleged procedural defect. Defendant denies any basis for removal given that there was no pending state court proceeding in which to file a notice at the time of removal.

<u>DISCUSSION</u>

As a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant seeking to remove a civil action must file a notice of removal in the district court where the state action is pending. 28 U.S.C. § 1446(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant" if the complaint was filed in court and is not required to be served on the defendant. § 1446(b). Further:

> Promptly after the filing of such notice of removal . . . the defendant . . . shall give written notice thereof to all adverse parties and shall

REPORT AND RECOMMENDATION
PAGE - 2

> file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

§ 1446(d).

A plaintiff may, pursuant to 28 U.S.C. § 1447(c), challenge removal based on procedural defects and move to remand a case to state court within thirty days after the filing of the notice of removal. *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003). The party seeking removal has the burden of proving that federal jurisdiction exists, and the removal statute is strictly construed against removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Any doubts as to federal jurisdiction are resolved in favor of remanding a case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, the Court lacks discretion to remand a case to state court if the case was properly removed. *See Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds as stated in Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 & n.6 (9th Cir. 2001).

A case may be removed to federal court only after it is commenced in state court. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005). "A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court." *Id.* (citing, *inter alia*, *Herb v. Pitcairn*, 324 U.S. 117 (1945)). Under the Washington Superior Court Civil Rules (CR), "a civil action is commenced by service of a copy of a summons together with a copy of the complaint . . . or by filing a complaint." CR 3(a); *see also Seattle Seahawks, Inc. v. King Cty.*, 128 Wn.2d 915, 913 P.2d 375, 376 (1996) ("CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons or by the filing of a complaint.") (internal citations and quotation marks omitted; emphasis removed). A defendant may, after service,

demand in writing that a plaintiff file the summons and complaint in state court. CR 3(a). If a plaintiff fails to file the summons and complaint within fourteen days after service of a written demand, service of the complaint is void. *Id*. However, the fourteen-day period applies only if the defendant formally serves the plaintiff a written demand to file. *See Hutchinson v. Garrison Prop. & Cas. Ins. Co.*, C18-0656-RSM, 2018 WL 2981130 at *2-3 (W.D. Wash. Jun. 14, 2018) (CR 3(a) never triggered where defendant did not make a written demand to file).

Under Washington law, state courts have jurisdiction over cases "from the time of commencement of the action by service of summons, or by filing of a complaint[.]" RCW § 4.28.020. A state court therefore acquires jurisdiction over a matter upon the service of a summons and complaint. *See Seattle Seahawks*, 913 P.2d at 376. That service and commencement of a civil action also renders the matter removable. *See, e.g., Dustin v. Meridian Fin. Servs.*, C17-1087-JCC, 2017 WL 3773714 at *3 (W.D. Wash. Aug. 31, 2017) ("Filing a lawsuit in state court is not a condition precedent to its removal to federal court. . . . Under Washington law, a defendant's 30 day clock for filing [a] notice of removal begins either when she is served with [a] summons and complaint, or when the complaint is filed in state court[.]"); *Melvin v. Kingsolver*, C12-5401-RJB, 2012 WL 13026632 at *3 (W.D. Wash. Jun. 12, 2012) ("According to state law [service of a summons and complaint] commenced the action and it was subject to removal. . . . There is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal.").

In this case, plaintiff's suit commenced with the August 3, 2020 service of the summons and complaint. CR 3(a). At that point, the thirty-day clock for filing the notice of removal began because defendant had been "notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

*See also Dustin*, 2017 WL 3773714 at *2-3 (finding notice of removal untimely because the removal clock began running when the defendant was served with a summons and complaint, not when the action was subsequently filed in state court). Defendant's notice of removal, filed on August 18, 2020, fell within the thirty-day removal period. 28 U.S.C. § 1446(b).

Plaintiff contends the removal was nonetheless procedurally defective given defendant's failure to also file a copy of the notice of removal in state court as is required under 28 U.S.C. § 1446(d). He denies defendant was excused from that mandate because a complaint had not been filed in state court at the time of removal. He notes defendant could have invoked CR 3(a) to require plaintiff to file the lawsuit within fourteen days or could have paid the $240.00 state court filing fee in order to file a copy of the notice of removal in state court. The Court, however, finds no basis for remand.

Section 1446(d) provides for the filing of a copy of the notice of removal "with the clerk of [the] State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). As defendant observes, the purpose of this requirement is to notify the state court it does not have jurisdiction to proceed further in the matter. *In re Marriage of Pardee*, 408 F. Supp. 666, 667 n.1 (C.D. Cal. 1976) (citing *Adair Pipeline Company v. Pipeliners Local Union No. 798*, 203 F. Supp. 434, 437 (S.D. Tex. 1962) ("We have to look at the reason for filing the petition for removal with the clerk of the state court. The apparent reason is to inform the state . . . judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement."), *aff'd*, 325 F.2d 206 (5th Cir. 1963). *See also Burroughs v. Palumbo*, 871 F. Supp. 870, 872 (E.D. Va. 1994) ("[T]he underlying purpose behind requiring that notice of removal be filed with the state court[] . . . is to notify the state court of the removal so

that it can stay its proceedings, avoid duplicitous actions, and conserve judicial resources.")  In this case, because plaintiff had not filed a complaint in state court, there was no removal for the state court to "effect" in accordance with 28 U.S.C. § 1446(d), no state court judge to notify of the removal, and no proceedings in state court to stay.

Nor is the Court persuaded that defendant was required to either make a written demand under CR 3(a) or to submit a state court filing fee so that a copy of the notice of removal could be filed in state court.  This Court has, in fact, found to the contrary in similar circumstances.  In *Alderson v. Delta Air Lines, Inc.*, C18-1374-JLR, 2018 WL 5240811 at *1-2 (W.D. Wash. Oct. 22, 2018), the Court rejected a contention the matter was improperly removed because the complaint was not filed in state court and the defendant never demanded that the complaint be filed.  The Court concluded that, where defendant never made a written demand under CR 3(a), the fourteen-day period did not apply, the action was "thus ripe for removal[,]" and "[t]he time period for removal was triggered by service of the summons and complaint, regardless of the fact [the plaintiff] never filed [the] complaint in state court." *Id.* at 2. *See also Kingsolver*, 2012 WL 13056632 at *4 (finding notice of removal untimely because it was filed more than thirty days after service of the summons and complaint, and observing:  "Nothing in the Washington court rules or the removal statute, 28 U.S.C. § 1446, prohibits a defendant from serving the plaintiff a notice of removal together with a written demand that the summons and complaint be filed with the appropriate state court. *Although not necessary to effectuate removal*, use of such a procedure would ensure the state court's awareness of removal.") (emphasis added).

In this case, the action became ripe for removal upon the service of the summons and complaint and was timely and properly removed by defendant with the filing of the notice of

removal in this Court within the thirty-day removal period. The Court finds no basis for a remand to state court.

## CONCLUSION

This matter was timely and properly removed. Accordingly, plaintiff's Motion to Remand to King County Superior Court (Dkt. 12) should be DENIED.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 4, 2020**.

DATED this 17th day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge