Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| RICHARD DWYER, | ) | NO.  **2:20-cv-01236-JLR-SKV** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AMENDED COMPLAINT |
| | ) | |
| TRINITY FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff RICHARD DWYER, by and through his attorney RICHARD L. POPE, JR., and complains and alleges as follows:

### Parties

1.    Plaintiff RICHARD DWYER is a resident of King County, Washington.

2.    Defendant TRINITY FINANCIAL SERVICES, LLC is a Wyoming limited liability company registered to do business and doing business in Washington.

### Jurisdiction and Venue

3.    This Court has proper jurisdiction and venue since it involves real property located in King County, Washington and wrongful actions committed in King County, Washington. This case was removed to federal court over Plaintiff's objections and remand was denied.

AMENDED COMPLAINT -- 1

**Background Facts**

4.    Plaintiff owns a home he where he resides in King County, Washington at the street address of 25322 113th Ave SE, Kent, Washington 98030 and the legal description of:

LOT I, CITY OF KENT SHORT PLAT NO. SP 90-19 RECORDED UNDER
RECORDING NO. 9102140575, BEING A PORTION OF THE SOUTHEAST
QUARTER OF THE NORTHWEST QUARTER OF THE SOUTHEAST
QUARTER OF THE SOUTHEAST QUARTER OF SECTION 20, TOWNSHIP
22 NORTH, RANGE 5 EAST, W.M., IN KING COUNTY, WASHINGTON.
SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON. (Assessor
Tax Parcel No. 202205-9071)

5.    On July 12, 2006, Plaintiff executed two deeds of trust on his home in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary.  In reality, MERS was "nominee" under these deeds of a trust for Ownit Mortgage Solutions, Inc., who was intended to be the true beneficial owner under these deeds of trust.  There was a first position deed of trust in the amount of $209,600.00 recorded under King County Recording No. 20060717000986 and a second position deed of trust in the amount of $52,400.00 recorded under King County Recording No. 20060717000987.  Both of these documents were recorded on July 17, 2006.

6.    Plaintiff paid no more than a few payments on the second position deed of trust, reducing the principal balance to $52,396.20.  Plaintiff has not made any payments on the second position deed of trust since some time prior to December 31, 2006.

7.    Shortly after Plaintiff executed the second position deed of trust, Ownit Mortgage Solutions, Inc. transferred beneficial interest in the same to Greystone Solutions, Inc.  In turn, Greystone Solutions, Inc., gave notice to Plaintiff that it now owned the second position deed of trust.  No recordings were filed in connection with this change of ownership with the King County Recorder's Office, with MERS remaining as legal beneficiary in the public records.

8.    On February 28, 2008, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Washington at Seattle, No. 08-11106-KAO.  Plaintiff's main objective was to keep his home and to avoid loss through foreclosure.  This Chapter 13 bankruptcy was dismissed without plan confirmation on January 30, 2009.

AMENDED COMPLAINT -- 2

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

9. Greystone Solutions, Inc. was listed as a secured creditor on Plaintiff's 2008 Chapter 13 bankruptcy, and was given notice of the bankruptcy filing at both a Buffalo, New York street address and a Medford, Massachusetts post office box address.  Greystone Solutions, Inc. did not file a proof of claim or otherwise communicate regarding Plaintiff's bankruptcy.

10. Plaintiff did not hear anything further from Greystone Solutions, Inc. or anyone else claiming to hold any interest in the second position deed of trust until April 8, 2020, when Defendant mailed a letter and other materials claiming to own the second position deed of trust.

11. On April 27, 2017, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Washington at Seattle, No. 17-11970-CMA. Plaintiff's main objective was to keep his home and to avoid loss through foreclosure.  There was a pending foreclosure action on the first position deed of trust, which by that time was being serviced by Select Portfolio Servicing.

12. By the time of the April 27, 2017 Chapter 13 bankruptcy filing, Plaintiff had not heard anything from Greystone Solutions, Inc. or anyone else claiming an interest in the second position deed of trust since prior to the February 28, 2008 Chapter 13 bankruptcy filing.  Plaintiff assumed that Greystone Solutions, Inc.  or whoever claimed an interest had abandoned all hope of ever collecting anything and that the holder of the second position deed of trust had decided the obligation was barred by the statute of limitations and was no longer legally enforceable. Plaintiff did not list Greystone Solutions, Inc. or anyone else on the 2017 bankruptcy filing, due to the large passage of time and the lack of actual knowledge of the second deed of trust holder.

13. When Plaintiff filed the 2017 Chapter 13 bankruptcy, there was a total of about $366,567.00 owed on the first position deed of trust, with the fair market value of his home being about $303,000.00.  Even without consideration of the second position deed of trust, the debt on the first position deed of trust exceeded the fair market value of the property by over $60,000.00.  In spite of the property being significantly upside down, even with consideration of just the first position deed of trust, Plaintiff placed considerable value on being able to own and keep his home, and was willing to rehabilitate and pay down the first deed of trust to do this.

AMENDED COMPLAINT -- 3

14. By contrast, had the holder of the second position deed of trust been currently asserting any secured interest at the time of the 2017 Chapter 13 bankruptcy, Plaintiff would not have been willing to also pay off the second deed of trust in order to save and keep his home – especially since debt would have exceeded value by considerably more than $100,000.00.

15. In addition, had the holder of the second position deed of trust been currently asserting any secured interest at the time of the 2017 Chapter 13 bankruptcy, Plaintiff would have been able to completely eliminate any security interest of the second deed of trust in an adversary proceeding that could have been filed in conjunction with the bankruptcy case. The second position deed of trust was fully unsecured in economic terms, since the first position deed of trust fully encumbered the fair market value of Plaintiff's home. Since there was no actual economic position in the home securing the second position deed of trust, its legal secured interest in Plaintiff's home could have been eliminated through an adversary proceeding.

16. Plaintiff made considerable economic payments through the 2017 Chapter 13 bankruptcy case, in reliance upon no claim being asserted by any purported holder of the second position deed of trust. Plaintiff paid $2,000.00 in an advance payment for his attorney fees, $310.00 payment for the filing fee, and $53,596.00 in Chapter 13 plan payments through the Chapter 13 Bankruptcy Trustee. Of this $53,596.00 in Chapter 13 plan payments, $1,500.00 went for the balance of Plaintiff's attorney fees, $4,534.19 for Chapter 13 trustee administrative costs, and $49,061.81 in disbursements to creditors. Of these creditor disbursements, $25,544.19 went towards current payments on the first position deed of trust and another $5,110.49 towards arrearages on the first position deed of trust. As a result of both the reduction in the amount owed on the first position deed of trust and appreciation of the value of Plaintiff's home during the 2017 Chapter 13 bankruptcy (which was dismissed on January 10, 2019), the interests of the first position deed of trust holder in Plaintiff's home were considerably improved. Moreover, if costs of sale were not considered, there may be some fair market value in the Plaintiff's home at July 2020 values, that would be applicable to a second position deed of trust, even though a foreclosure sale (or even regular sale) would net nothing for the second position whatsoever.

AMENDED COMPLAINT -- 4

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

17.     On August 1, 2016, MERS executed an assignment of the second position deed of trust to Defendant.  This assignment was recorded by Defendant with King County Records on August 24, 2016 under recording number 20160824001578.  Defendant did not provide any notice to this assignment to Plaintiff until a letter and other materials were mailed April 8, 2020.

18.     Defendant registered with the Washington Secretary of State as a foreign LLC on October 9, 2014.  Defendant obtained an Out-of-State Collection Agency license from the Washington Department of Licensing on December 22, 2014.

19.     Under the amendments enacted by Laws 2013, Chapter 148, Section 1, which became effective on October 1, 2013 and are currently found at RCW 19.16.110(4)(d), "any person or entity that is engaged in the business of purchasing delinquent or charged off claims for collection purposes, whether it collects the claims itself or hires a third party for collection or an attorney for litigation in order to collect such claims" must have a collection agency license.

20.     Defendant has purchased at least 50 delinquent second position deeds of trust in King County since 2013 (at least 10 of which were purchased while Defendant did not have the required collection agency license) and probably around 150 to 200 such delinquent second position deeds of trust in all of Washington during the same time period.

21.     Defendant's license as an Out-of-State Collection Agency pursuant to RCW 19.16.100(11) would allow Defendant to solely "collect[] debts from debtors located in this state by means of interstate communications, including telephone, mail, or facsimile transmission, from [Defendant's] location in another state".  This would allow Defendant to send letters, telephone calls and e-mails to Washington homeowners urging them to pay the delinquent loans they had purchased, but would prohibit activities physically taking place in Washington, such as filing collection lawsuits or foreclosure lawsuits or having trustee foreclosure sales conducted.

22.     According to a search of court records and property records in King County, there have been no lawsuits filed by Defendant or attempts to conduct any trustee foreclosure sale. Based on this lack of action in King County and presumed lack of similar action elsewhere in Washington, Defendant does not actually intend to file any lawsuit or conduct any foreclosures.

AMENDED COMPLAINT -- 5

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

23.     The letter Defendant mailed Plaintiff on April 8, 2020 stated that Defendant had a valid security interest in Plaintiff's home that could be enforced by foreclosure against the property.  Defendant requested Plaintiff make contact to negotiate payment arrangements with Defendant of this alleged security interest and provide Defendant personal financial information.

A.     Defendant was originally acting as a loan servicer and collection agency attempting to service and/or collect the loan when it was owned by Dreambuilder Investments LLC (who never recorded their ownership or notified Plaintiff apparently).  In the alternative, Dreambuilder may have been servicer for an unknown owner prior to Defendant servicing. This may have started around August 2015, although Plaintiff had no notification received about this.

B.     Defendant did not a Consumer Loan Company License from Washington until January 10, 2018 – legally required in order to service a residential mortgage loan (regardless of whether a company services loans that they own or services loans that others own) under RCW 31.04.035(1).  Violation of this law, in addition to being a crime under RCW 31.04.175(1), is also a violation of the Washington Consumer Protection Act under RCW 31.04.208, which provides for money damages and other civil relief.  (The prior alleged servicer, Dreambuilder, has never had a loan servicing license in Washington.)

C.     In general, Plaintiff believes that a principal purpose of Defendant's business is the collection of debts.  Plaintiff also believes that Defendant is collecting for the benefit of persons other than itself.  While the August 2015 letter in dkt. 24-2 was never sent to Plaintiff, it shows the true owner of the mortgage loan was Dreambuilder Investments LLC.  Dreambuilder never acquired a Washington collection agency license required to purchase delinquent debt, and therefore transferred nominal ownership to Defendant, who does have a Washington license.  Plaintiff believes beneficial interest may belong to Dreambuilder or another "investor", instead of Defendant having a 100% ownership of beneficial interest in the loans.  Moreover, Defendant has admitted to being a "debt collector" under the FDCPA in its correspondence to Plaintiff. (As admitted in a later October 26, 2020 letter; as well as the August 8, 2020 letter at issue herein) All these make Defendant to be a "debt collector" as defined by the FDCPA.

AMENDED COMPLAINT -- 6

**Lake Hills Legal Services PC**
**15600 N.E. 8ᵗʰ St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

**The Collection Agency Act prohibits certain debt collection practices.**

24.     "The business of debt collection affects the public interest, and debt collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors." Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 54 (2009).

25.     The Washington Collection Agency Act ("CAA"), chapter 19.16 RCW, requires collection agencies to obtain a license, follow certain internal procedures, and adhere to a code of conduct. Gray v. Suttell & Assocs., 181 Wn.2d 239, 334 (2014).  RCW 19.16.110

26.     The CAA requires that any written communication from a collection agency clearly and legibly provide the name of the licensee and the city, street, and number at which they are licensed to do business.  RCW 19.16.250(8)(a).

27.     The CAA requires that any written communication from a collection agency clearly and legibly provide the name of the original creditor to whom the debtor owed the claim. RCW 19.16.250(8)(b).

28.     The CAA requires that any written communication from a collection agency clearly provide an itemization of the amount owed, including interest charges, collection costs, late payment charges, and/or attorney fees, whether these charges were added by the original creditor, a later holder of the debt, or the collection agency.  RCW 19.16.250(8)(c).

29.     The CAA prohibits a collection agency from threating to take legal action against a debtor that it cannot legally take at the time the threat is made. RCW 19.16.250(16).

30.  The CAA prohibits a collection agency from collecting or attempting to collect, in addition to the principal amount of a claim, a sum other than allowable interest, collection costs, or handling fees expressly authorized by statute or contract with the debtor. RCW 19.16.250(21).

31.     If a collection agency violates any provision of RCW 19.16.250, it forfeits the right to collect any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim. RCW 19.16.450.

AMENDED COMPLAINT -- 7

32.     A violation of the CAA is a per se unfair or deceptive act or practice occurring in trade or commerce under the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW. RCW 19.16.440.

**The Fair Debt Collection Practices Act prohibits certain debt collection practices.**

33.     The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq., prohibits a debt collector collecting debt incurred primarily for household or personal use from employing certain unfair debt collection practices.

34.     The FDCPA prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

35.     The FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. § 1692e(5).

36.     The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

37.     The FDCPA prohibits a debt collector from taking or threatening to take any nonjudicial action to effect dispossession of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest, or if there is no present intention to take possession of the property.  15 U.S.C. § 1692f(6).

38.     The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. § 1692e(10).

39.     The FDCPA requires a debt collector, either in the initial communication with a consumer or within five days thereafter, to send the consumer a written notice that provides (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period

AMENDED COMPLAINT -- 8

that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  15 U.S.C. § 1692g(a).

40.     The FDPCA prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

**FIRST CLAIM FOR RELIEF**
**WASHINGTON'S CONSUMER PROTECTION ACT**
**(PER SE VIOLATION)**

41.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

42.     Defendant is a licensed Washington collection agency and is a "collection agency" and "licensee" for purposes of the CAA.

43.     The debts allegedly owed by Plaintiff is a "claim" as defined by RCW 19.16.100(2) because they are "obligation[s] for the payment of money or thing of value arising out of any agreement or contract, express or implied."

44.     Plaintiff is a "debtor" as defined by RCW 19.16.100(7) because Defendant alleges Plaintiff owes a "claim."

45.     Defendant violated RCW 19.16.110 by attempting or representing that it had the ability to foreclose on Plaintiff's second position deed of trust, when it did not have the required regular Collection Agency License and possessed only an Out-of-State Collection Agency license that does not legally allow in-state actions such as foreclosure sales and/or lawsuits.

AMENDED COMPLAINT -- 9

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

46.   Defendant violated RCW 19.16.250(8)(a) by placing only its mailing address on the April 8, 2020 collection letter package and not including the street address at which it is licensed to do business as a collection agency.

47.   Defendant violated RCW 19.16.250(8)(b) by failing to provide the name of the original creditor on the second position deed of trust in the April 8, 2020 collection letter.

48.   Defendant violated RCW 19.16.250(8)(c) by failing to provide an itemization of the amount owed, including interest charges, collection costs,  late payment charges, and/or attorney fees, whether these charges were added by the original creditor, a later holder of the debt, or the collection agency in the April 8, 2020 collection letter.

49.   Defendant violated RCW 19.16.250(16) by threatening to foreclosure action against Plaintiff's property on the second position deed of trust, or lawsuit to enforce personal liability, when such action could not legally be taken due to Defendant only possessing an Out-of-State Collection Agency License which does not allow taking in-state actions such as lawsuits and foreclosure sales, and also due to enforcement being barred by the statute of limitations, as well as due to laches and waiver.

50.   A violation of the CAA is a per se unfair or deceptive act or practice occurring in trade or commerce under the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW. RCW 19.16.440.

51.   Defendant's unfair and deceptive acts and practices repeatedly occurred in Defendant's trade or business and were capable of deceiving a substantial portion of the public and, indeed, have already injured dozens, if not hundreds, of Washington residents.

52.   When a collection agency violates any provision of RCW 19.16.250, it forfeits the right to collect any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim. RCW 19.16.450.

53.   All of Defendant's debt collection activity, including acts its takes in litigation

AMENDED COMPLAINT -- 10

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

1    or foreclosure against consumers, occurs in trade or commerce. RCW 19.16.440; Evergreen

2    Collectors v. Holt, 60 Wn. App. 151, 155–56 (1991).

3        D.    Defendant did not a Consumer Loan Company License from Washington until

4    January 10, 2018 – legally required in order to service a residential mortgage loan (regardless of

5    whether a company services loans that they own or services loans that others own) under RCW

6    31.04.035(1).  Violation of this law, in addition to being a crime under RCW 31.04.175(1), is

7    also a violation of the Washington Consumer Protection Act under RCW 31.04.208, which

8    provides for money damages and other civil relief.  (The prior alleged servicer, Dreambuilder,

9    has never had a loan servicing license in Washington.)

10       54.    Defendant's unfair acts or practices injured people other than Plaintiff and are

11   capable of injuring a substantial portion of the public.

12       55.    The Washington Supreme Court has recognized the public policy significance of

13   regulating the debt collection industry and has specifically found that the business of debt

14   collection affects the public interest, and collection agencies are subject to strict regulation to

15   ensure they deal fairly and honestly with alleged debtors.

16       56.    Defendant's general course of conduct as alleged herein is injurious to the public

17   interest and the acts complained of herein are ongoing and have a substantial likelihood of

18   being repeated.

19       57.    As a direct and proximate result of Defendant's unfair acts and practices, Plaintiff

20   suffered injury in fact and lost money.

21       58.    Plaintiff is therefore entitled to an order enjoining the conduct complained of

22   herein, including an injunction prohibiting Defendant from representing that it holds valid

23   security interests against Plaintiff's home, the homes of other Washington consumers, or that

24   Defendant is entitled to foreclose on those security interests.

25       59.    Plaintiff is are also entitled to equitable relief as the Court deems appropriate,

26   including, but not limited to, disgorgement, of all or part of the ill-gotten profits Defendant

27   received from its unfair scheme.

28

AMENDED COMPLAINT -- 11

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

60.     Defendant's unfair and deceptive acts and practices are the direct and proximate cause of injuries to Plaintiffs and the Class. Plaintiffs and the Class are entitled to recover actual damages, treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

61.     Defendant's wrongdoing is continuing in nature and represents an ongoing threat to Plaintiff.

62.     Other persons remain generally unaware that Defendant has filed deed of trust assignments against them without notice and that Defendant's collection practices are unlawful.

63.     Plaintiff will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

64      Plaintiff has no complete, speedy, and adequate remedy at law with respect to Defendant's continuing misconduct.

65.     Preliminary and final injunctive relief is necessary to prevent further injury to Plaintiff.

### SECOND CLAIM FOR RELIEF
### WASHINGTON'S CONSUMER PROTECTION ACT
### RCW 19.86 et seq.

66.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

67.     Defendant's debt collection practices as described above are deceptive and unfair. Defendant's deceptive and unfair conduct includes but is not limited to the acts described below.

68.     Defendant's failure to notify Plaintiff and other homeowners of the loan servicing transfer on the second position deed of trust at least 15 days before the transfer of servicing and in no event more than 30 days after transfer of servicing, as required by 12 U.S.C. § 2605(b), and instead making such notification on April 8, 2020, over 3-1/2 years after the transfer on August 1, 2016, was deceptive and unfair.

69.     Defendant's failure to notify Plaintiff and other homeowners of the ownership transfer on the second position deed of trust within 30 days of ownership transfer, as required by

AMENDED COMPLAINT -- 12

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

15 U.S.C. § 1641(g), and instead making such notification on April 8, 2020, over 3-1/2 years after the transfer on August 1, 2016, was deceptive and unfair.

70.   Defendant's failure to provide Plaintiff with a periodic billing statement prior to each monthly payment due date, as required by 15 U.S.C. § 1638(f), was deceptive and unfair.

71.   Defendant's false representation that its second position deed of trust constituted a valid security interest against Plaintiff's residence which could be enforced by foreclosure or by lawsuit including personal liability, when such action could not legally be taken due to Defendant only possessing an Out-of-State Collection Agency License which does not allow taking in-state actions such as lawsuits and foreclosure sales, and when enforcement being barred by the statute of limitations, as well as due to laches and waiver, was deceptive and unfair.

72.   Defendant's attempt to obtain confidential personal and financial information for Plaintiff, including social security number, income information, asset information, liability information, and other personal information, as well as a general expense to allow all third parties to disclose information about Plaintiff, when such action could not legally be taken due to Defendant only possessing an Out-of-State Collection Agency License which does not allow taking in-state actions such as lawsuits and foreclosure sales, and also due to enforcement being barred by the statute of limitations, as well as due to laches and waiver, was deceptive and unfair.

73.   Defendant's other violations of the Collection Agency Act and other applicable state and federal laws was deceptive and unfair.

74.   All of Defendant's debt collection activity, including acts it takes in litigation and foreclosure against consumers, occurs in trade or commerce. RCW 19.16.440; Evergreen Collectors v.Holt, 60 Wn. App. 151, 155–56 (1991).

75.   Defendant's unfair acts or practices injured people other than the named Plaintiffs and are capable of injuring a substantial portion of the public.

76.   The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest, and collection agencies are subject to strict regulation to

AMENDED COMPLAINT -- 13

1    ensure they deal fairly and honestly with alleged debtors.

2        77.    Defendant's general course of conduct as alleged herein is injurious to the public

3    interest and the acts complained of herein are ongoing and have a substantial likelihood of

4    being repeated.

5        78.    As a direct and proximate result of Defendant's unfair acts and practices, Plaintiff

6    suffered injury in fact and lost money.

7        79.    Plaintiff is therefore entitled to an order enjoining the conduct complained of

8    herein.

9        80.    Plaintiff is also entitled to equitable relief as the Court deems appropriate,

10   including, but not limited to, disgorgement, of all or part of the ill-gotten profits Defendant

11   received from its unfair scheme.

12       81.    Defendant's unfair and deceptive acts and practices are the direct and proximate

13   cause of injuries to Plaintiff.  Plaintiff is entitled to recover actual damages, treble damages,

14   attorneys' fees, and costs pursuant to RCW 19.86.090.

15       82.    Defendant's wrongdoing is continuing in nature and represents an ongoing threat

16   to Plaintiff.

17       83.    Other persons remain generally unaware that Defendant has filed deed of trust

18   assignments against them without notice and that Defendant's collection practices are unlawful.

19       84.    Plaintiff will suffer continuing, immediate, and irreparable injury absent the

20   issuance of injunctive and equitable relief.

21       85.    Plaintiff has no complete, speedy, and adequate remedy at law with respect to

22   Defendant's continuing misconduct.  Preliminary and final injunctive relief is necessary to

23   prevent further injury to Plaintiff.

24                        **THIRD CLAIM FOR RELIEF**
                 **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
25                            **15 U.S.C. § 1692 et seq.**

26       86.    Plaintiff re-alleges and incorporates by reference all of the paragraphs of this

27   Complaint as though fully stated herein.

28
     AMENDED COMPLAINT -- 14

E.     The mortgage loan at issue herein is a consumer debt, as defined in 15 U.S.C. § 1692b(3),(5) as Plaintiff is a natural person and the mortgage loan on his residence arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

F.     The letter Defendant mailed Plaintiff on April 8, 2020 was an attempt to collect a debt, as the letter itself admitted.  The letter stated that Defendant had a valid security interest in Plaintiff's home that could be enforced by foreclosure against the property, and also raised the question that Defendant could enforce the alleged debt against Plaintiff personally.  Defendant requested Plaintiff make contact to negotiate payment arrangements with Defendant of this alleged security interest and provide Defendant personal financial information to assess the ability of Plaintiff to make payments on the alleged debt.  A reasonable person would have concluded that Defendant was attempting to collect the alleged debt and Plaintiff believed that.

G.     Plaintiff contends that Defendant is covered as a "debt collector" under 15 USC 1692a(6) by several alternative bases, each of which is independently valid under Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718 (2017) and the case law interpreting Henson: (1) the true beneficial owner of the mortgage loan is Dreambuilder or another investor client of Defendant, (2) even if Defendant is now the true owner, Defendant only bought the debt after it started collecting it, (3) even if Defendant is the true owner, Defendant regularly collects debts for others, (4) the principal purpose of Defendant's business is the collection of debts, and/or (5) Defendant has expressly admitted that it is a "debt collector".

87.     Defendant's violations of the FDCPA include, but are not limited to, the following.

88.     Defendant violated 15 U.S.C. § 1692e(2)(A) by making false representation of the character, amount, or legal status of any debt by falsely representing that its second position deed of trust constituted a valid security interest against Plaintiff's residence which could be enforced by foreclosure or by lawsuit including personal liability, when such action could not legally be taken due to Defendant only possessing an Out-of-State Collection Agency License which does

AMENDED COMPLAINT -- 15

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

1  not allow taking in-state actions such as lawsuits and foreclosure sales, and when enforcement

2  being barred by the statute of limitations, as well as due to laches and waiver.

3          89.    Defendant violated 15 U.S.C. § 1692e(10) by using any false representation or

4  deceptive means to collect or attempt to collect any debt by falsely representing that its second

5  position deed of trust constituted a valid security interest against Plaintiff's residence which

6  could be enforced by foreclosure or by lawsuit including personal liability, when such action

7  could not legally be taken due to Defendant only possessing an Out-of-State Collection Agency

8  License which does not allow taking in-state actions such as lawsuits and foreclosure sales, and

9  when enforcement being barred by the statute of limitations, as well as due to laches and waiver.

10         90.    Defendant further violated 15 U.S.C. § 1692e(10) by using these additional

11 deceptive means to collect or attempt to collect the alleged debt:  (1) failure to notify Plaintiff

12 and other homeowners of the loan servicing transfer on the second position deed of trust at least

13 15 days before the transfer of servicing and in no event more than 30 days after transfer of

14 servicing, as required by 12 U.S.C. § 2605(b), or at least 30 days prior to the next payment due

15 date as required by RCW 19.148.030(2), and instead making such notification on April 8, 2020,

16 over 3-1/2 years after the transfer on August 1, 2016, (2) failure to notify Plaintiff and other

17 homeowners of the ownership transfer on the second position deed of trust within 30 days of

18 ownership transfer, as required by 15 U.S.C. § 1641(g), and instead making such notification on

19 April 8, 2020, over 3-1/2 years after the transfer on August 1, 2016, and (3) failure to provide

20 Plaintiff with a periodic billing statement prior to each monthly payment due date, as required by

21 15 U.S.C. § 1638(f).

22         91.    Defendant violated 15 U.S.C. § 1692e(5) by threatening to take any action that

23 cannot legally be taken or that is not intended to be taken by threatening to enforce its second

24 position deed of trust constituted a valid security interest against Plaintiff's residence through

25 foreclosure or by lawsuit including personal liability, when such action could not legally be

26 taken due to Defendant only possessing an Out-of-State Collection Agency License which does

27 not allow taking in-state actions such as lawsuits and foreclosure sales, when enforcement being

28

AMENDED COMPLAINT -- 16

barred by the statute of limitations, as well as due to laches and waiver, and when Defendant has neither foreclosed nor sued on any of its other assigned deeds of trust in Washington and had no intention of doing so either in Plaintiff's case.

92.     Defendant violated 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to both collect the alleged debt from Plaintiff and  to obtain information concerning Plaintiff (including social security number, income information, asset information, liability information, and other personal information, as well as a general expense to allow all third parties to disclose information about Plaintiff) by falsely representing that its second position deed of trust constituted a valid security interest against Plaintiff's residence which could be enforced by foreclosure or by lawsuit including personal liability, when such action could not legally be taken due to Defendant only possessing an Out-of-State Collection Agency License which does not allow taking in-state actions such as lawsuits and foreclosure sales, and when enforcement being barred by the statute of limitations, as well as due to laches and waiver.

93.     Defendant violated 15 U.S.C. § 1692f(6) by taking or threatening to take any nonjudicial action to effect dispossession of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest, or if there is no present intention to take possession of the property by threatening to enforce its second position deed of trust constituted a valid security interest against Plaintiff's residence through foreclosure or by lawsuit including personal liability, when such action could not legally be taken due to Defendant only possessing an Out-of-State Collection Agency License which does not allow taking in-state actions such as lawsuits and foreclosure sales, when enforcement being barred by the statute of limitations, as well as due to laches and waiver, and when Defendant has neither foreclosed nor sued on any of its other assigned deeds of trust in Washington and had no intention of doing so either in Plaintiff's case.

94.     Defendant violated 15 U.S.C. § 1692g(a) by failing to include, either in its initial communication to Plaintiff on April 8, 2020, or within five days thereafter, any written notice

AMENDED COMPLAINT -- 17

that provided any of the following items:  (1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

95.    All of the above described methods of debt collection are false, deceptive, or misleading, in violation of 15 U.S.C. § 1692e and/or are unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

96.    As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 against each Defendant debt collector. Plaintiff is also entitled to actual damages under 15 U.S.C. § 1692k(a)(1) and to reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

**FOURTH CLAIM FOR RELIEF**
**QUIET TITLE AND DECLARATORY RELIEF BASED UPON STATUTE OF LIMITATIONS**

97.    Under RCW 4.16.040(1), the statute of limitations on a written contract or instrument is six years.

98.    It has been far longer than six years since Plaintiff made the last payment on the second position deed of trust (believed to have been in August or September 2006, within a couple months of the loan being taken out) and enforcement is barred under RCW 4.16.040(1). The second mortgage deed of trust loan is an installment note contract dated July 11, 2006, which calls for 360 installments of principal and interest starting on September 1, 2006 and ending on August 1, 2006.  (dkt. 24-1 at 2)  Plaintiff, at most, paid the September 1, 2006 installment.  All installments due before September 7, 2015 are now time-barred, at minimum.

AMENDED COMPLAINT -- 18

99.     A deed of trust with monthly loan payments is a written installment contract. Written contracts are subject to a six-year limitations period in Washington. See RCW 4.16.040(1). For installment contracts, each installment triggers the limitations period for that missed payment: "[W]hen recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." Herzog v. Herzog, 23 Wn.2d 382, 388, 161 P.2d 142, 144-45 (1945); see also 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:20, at 196 (2012-13 Supp.) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").  see also Jarvis v. Fed. Nat'l Mortg. Ass'n, Case No. C16-5194-RBL (W.D. Wa. 04/24/2017)

100.    Defendant and its predecessors in interest have been aware since July 2016 of their rights under the second position deed of trust, aware of Plaintiff's non-payment of the same starting in about August or September of 2006, have delayed unreasonably in bringing any action to enforce the second position deed of trust and associated promissory note (including failure to take any foreclosure action and/or litigation, failure to file a proof of claim in the 2008 Chapter 13 bankruptcy, failure to notify Plaintiff of change of ownership and change of servicing in connection with the August 2016 ownership and servicing transfer and any prior transfers of ownership and servicing, and failure to provide Plaintiff with any periodic billing statements since at least 2008 to the present time, and Plaintiff would be damaged if Defendant is allowed to assert a valid security interest and/or personal obligation.

101.    Plaintiff is entitled to declaratory judgment that all payments due before September 7, 2015 (or six years prior to entry of declaratory judgment, whichever is later) are barred by the statute of limitations and determining the amount, if any, still owed on the loan.

102.    Defendants' violations of RCW 19.16.250, as set forth above, forfeited the right to collect any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim under RCW

AMENDED COMPLAINT -- 19

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

19.16.450.  Moreover, Defendant's failure to send periodic billing statements as required by 15 U.S.C. § 1638(f) permits an inference that Defendant and its predecessors in interest had the loan in a charge off status where no interest or other charges were accruing under 12 CFR § 1026.41(e)(6).  In such event, application of the statute of limitations to bar all monthly payments from 2006 start of the loan until September 7, 2015 (or later), with the elimination of all liability for interest (and other charges) under RCW 19.16.450 or "charge-off" principles, would mean that the amount of statutorily barred payments, now principal only with no interest owed, would exceed the loan principal balance, and therefore mean nothing is owed any more.

103.    Plaintiff is entitled to judgment quieting title in the second position deed of trust and barring enforcement of promissory note under statute of limitations if nothing is owed.

104.    Furthermore, since Defendant is an Out Of State Collection Agency, limited to interstate activities such as letters, telephone calls, and e-mails, and prohibited from in-state collection activities such as lawsuits and foreclosure sales, this is an additional independent basis for judgment to quiet title on the second position and bar enforcement of the promissory note. Since Defendant cannot legally bring a foreclosure lawsuit or non-judicial trustee foreclosure sale, since all in-state collection activities are illegal, the deed of trust against the property is not legally enforceable and title to the property should be quieted to extinguish the deed of trust.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF 12 U.S.C. § 2605(b)**

105.    Under 12 U.S.C. § 2605(b), Defendant was generally required to notify Plaintiff of the loan servicing transfer on the second position deed of trust at least 15 days before the transfer of servicing and in no event could this be made more than 30 days after transfer of servicing.

106.    Servicing of the second position deed of trust was transferred to Defendant on August 1, 2016 and Defendant did not notify Plaintiff of this until April 8, 2020.

107.    Defendant was not able to reasonably discover that servicing of the second position deed of trust was transferred to Defendant until April 8, 2020, which was the first date Defendant sent any sort of notification to Plaintiff concerning this deed of trust.

AMENDED COMPLAINT -- 20

108.     Under 12 U.S.C. § 2605(f)(1), Plaintiff is entitled to recover actual damages from Defendant for this violation, plus additional damages of $2,000.00 as the Court may allow.

109.     Under 12 U.S.C. § 2605(f)(3), Plaintiff is entitled to reasonable attorney fees and costs for having to bring this lawsuit.

**SIXTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

110.     Statutes which affect the subject matter of a contract and which exist at the time of a contract's execution are incorporated therein and become a part of the contract. <u>Rones v. Safeco Ins. Co. of Am.</u>, 119 Wn.2d 650, 656, 835 P.2d 1036 (1992); <u>Wagner v. Wagner</u>, 95 Wn.2d 94, 621 P.2d 1279 (1980); <u>In re Marriage of Rufener</u>, 52 Wn. App. 788, 791, 764 P.2d 655 (1988), <u>review denied</u>, 112 Wn.2d 1008 (1989)

111.     The federal statutes cited below were therefore incorporated into the loan contract:

(a)     12 U.S.C. § 2605(b), Defendant was generally required to notify Plaintiff of the loan servicing transfer on the second position deed of trust at least 15 days before the transfer of servicing and in no event could this be made more than 30 days after transfer of servicing.

(b)     Under 15 U.S.C. § 1641(g), Defendant was required to notify Plaintiff of the ownership transfer on the second position deed of trust not later than 30 days after the transfer of ownership.

(c)     Under 15 U.S.C. § 1638(f), Defendant was required to send Plaintiff a periodic billing statement each month, setting forth numerous items, including (A) The amount of the principal obligation under the mortgage, (B) The current interest rate in effect for the loan, (C) The date on which the interest rate may next reset or adjust, (D) The amount of any prepayment fee to be charged, if any, (E) A description of any late payment fees, (F) A telephone number and electronic mail address that may be used by the obligor to obtain information regarding the mortgage, (G) The names, addresses, telephone numbers, and Internet addresses of counseling agencies or programs reasonably available to the consumer that have been certified or approved and made publicly available by the Secretary of Housing and Urban Development or a

AMENDED COMPLAINT -- 21

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

1  State housing finance authority (as defined in section 1441a–1 of title 12), and (H) Such other

2  information as the may be prescribed in regulations.

3      112.   Defendant's violations of 12 U.S.C. § 2605(b) and 15 U.S.C. § 1638(f) are

4  described elsewhere.  As for 15 U.S.C. § 1641(g), Defendant was required to notify Plaintiff of

5  the ownership transfer on the second position deed of trust not later than 30 days after the

6  transfer of ownership.  Ownership of the second position deed of trust was transferred to

7  Defendant on August 1, 2016 and Defendant did not notify Plaintiff of this until April 8, 2020.

8      113.   Defendant's breaches of its duties under 12 U.S.C. § 2605(b), 15 U.S.C. § 1638(f)

9  and 15 U.S.C. § 1641(g) were also breaches of its contractual obligations to Plaintiff, for which

10  Plaintiff can recover for at least six years prior to the institution of the present lawsuit.  Plaintiff

11  was harmed by these breaches of contract and is entitled to recover appropriate damages.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF RCW 31.04.290**

14      114.   Under RCW 31.04.290(1)(a), Defendant was required to comply with

15  the following requirements when servicing Plaintiff's home mortgage loan:  "(a) Any fee that is

16  assessed by a servicer must be assessed within forty-five days of the date on which the fee was

17  incurred and must be explained clearly and conspicuously in a statement mailed to the borrower

18  at the borrower's last known address no more than thirty days after assessing the fee".

19      115.   Defendant (and its predecessors in interest) has evidently assessed numerous fees

20  against Plaintiff on the mortgage loan, including interest charges and late fees.  There is no

21  evidence that Defendant has ever actually assessed these fees, including interest charges and late

22  fees, within 45 days of the date when they were incurred or notified Plaintiff within 30 days of

23  the date when they were assessed.

24      116.   Plaintiff has been damaged by these violations and is entitled to recover therefore.

25      117.   Defendant should also implicitly forfeit, or be denied due to laches, waiver and

26  estoppel, any right to interest charges, late fees, or other fees which were not timely assessed or

27  not timely billing under the 30 days and/or 45 days requirements of RCW 31.04.290(1)(a).  The

28

AMENDED COMPLAINT -- 22

1    same principles of forfeiture, or denial due to laches, waiver and estoppel, should be applied to

2    any right to interest charges, late fees, or other fees which were not timely assessed or not timely

3    billing under the 30 days and/or 45 days requirements of RCW 31.04.290(1)(a) when the loan

4    was owned and/or serviced by Defendant's predecessors in interest, who also did not comply.

5         118.    Defendant's violations of RCW 31.04.290(1)(a) were also a violation of the

6    Washington Consumer Protection Act under RCW 31.04.208 and should be included as an

7    additional bases under Plaintiff's First and Second CPA related causes of action.

8                           **EIGHTH CLAIM FOR RELIEF**
                         **VIOLATION OF 15 U.S.C. § 1638(f)**
9

10        119.    Under 15 U.S.C. § 1638(f), Defendant was required to send Plaintiff a periodic

11   billing statement each month, setting forth numerous items, including (A) The amount of the

12   principal obligation under the mortgage, (B) The current interest rate in effect for the loan,

13   (C) The date on which the interest rate may next reset or adjust, (D) The amount of any

14   prepayment fee to be charged, if any, (E) A description of any late payment fees, (F) A telephone

15   number and electronic mail address that may be used by the obligor to obtain information

16   regarding the mortgage, (G) The names, addresses, telephone numbers, and Internet addresses of

17   counseling agencies or programs reasonably available to the consumer that have been certified or

18   approved and made publicly available by the Secretary of Housing and Urban Development or a

19   State housing finance authority (as defined in section 1441a–1 of title 12), and (H) Such other

20   information as the may be prescribed in regulations.

21        120.    Defendant has failed to send Plaintiff even a single periodic billing statement since

22   acquiring the second position deed of trust on August 1, 2016, much less one legally compliant.

23        121.    Plaintiff was not able to reasonably discover that ownership of the second position

24   deed of trust was transferred to Defendant until April 8, 2020, which was the first date Defendant

25   sent any sort of notification to Plaintiff concerning this deed of trust.

26        122.    Under 15 U.S.C. § 1640(a), Plaintiff is entitled to recover actual damages from

27   Defendant for each violation, although this Court has barred additional statutory damages.

28

AMENDED COMPLAINT -- 23

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

123.    The damages described elsewhere in the Complaint are also damages incurred due to Defendant's violations of 15 U.S.C. § 1638(f).

124.    In addition, or to better clarify, Plaintiff has suffered, among other things, the following damages as a result of Defendant's violations of 15 U.S.C. § 1638(f):

(a)    Plaintiff has incurred additional attorney fees and other expenses as a result of Defendant refusing to provide periodic statements – indeed no statements at all – of the amount allegedly due on the loan, which still has not been disclosed despite 13 months of litigation.

(b)    Plaintiff has been unable to sell or refinance his home, incurring considerable amounts of additional interest, late fees and other charges on his first mortgage loan, as well as unknown (if any) amounts of additional interest, late fees and other charges on this second mortgage loan (which Plaintiff otherwise argues is barred for various reasons), as well as more damage to Plaintiff's credit rating and reputation as a result of being unable to deal with these.

(c)    Plaintiff in fact believed that nothing was owed on the second mortgage loan, as a result of Defendant's failure to ever send Plaintiff any periodic or other statements.  Plaintiff could have fully discharged the second mortgage loan in his 2017 bankruptcy, as the first mortgage loan exceeded fair market value when the 2017 bankruptcy was filed, making the second mortgage loan fully unsecured and subject to discharge without payment in a Chapter 13 plan.  Plaintiff would have submitted a proper Chapter 13 plan, providing for a no payment discharge of the second mortgage loan, had he been made aware of it at the time, and fully paid off the Chapter 13 Plan, discharging the second mortgage without payment.  Therefore, Plaintiff has suffered damages in the full amount (if any) that is actually owed on the second mortgage.

(d)    In the alternative, Plaintiff made considerable economic payments through the 2017 Chapter 13 bankruptcy case, in reliance upon no claim being asserted by any purported holder of the second position deed of trust.  Plaintiff paid $2,000.00 in an advance payment for his attorney fees, $310.00 payment for the filing fee, and $53,596.00 in Chapter 13 plan payments through the Chapter 13 Bankruptcy Trustee.  Of this $53,596.00 in Chapter 13 plan payments, $1,500.00 went for the balance of Plaintiff's attorney fees, $4,534.19 for Chapter 13

AMENDED COMPLAINT -- 24

trustee administrative costs, and $49,061.81 in disbursements to creditors.  Of these creditor disbursements, $25,544.19 went towards current payments on the first position deed of trust and another $5,110.49 towards arrearages on the first position deed of trust.  As a result of both the reduction in the amount owed on the first position deed of trust and appreciation of the value of Plaintiff's home during the 2017 Chapter 13 bankruptcy (which was dismissed on January 10, 2019), the interests of the first position deed of trust holder in Plaintiff's home were considerably improved.  Moreover, if costs of sale were not considered, there may be some fair market value in the Plaintiff's home at July 2020 values, that would be applicable to a second position deed of trust, even though a foreclosure sale (or even regular sale) would net nothing for the second position whatsoever.

125.   Under 15 U.S.C. § 1640(a)(3), Plaintiff is entitled to reasonable attorney fees and costs for having to bring this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1.   For injunctive and declaratory relief:

a.   Quieting title in Plaintiff's real property against Defendant and removing the second position deed of trust from any interest against Plaintiff's real property, and

b.   Declaring the promissory note unenforceable and barring enforcement.

2.   For an award to the Plaintiff of actual damages, and trebling damages up to an increase of $25,000.00 beyond actual damages, under RCW 19.86.090.

3.    For an award to Plaintiff of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and statutory damages of $1,000.00 against Defendant for each violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

4.   For an award to Plaintiff of actual damages from Defendant plus additional damages of $2,000.00 for each violation pursuant to 12 U.S.C. § 2605(f)(1).

5.   Forfeiture of all interest, late fees, and other charges, other than original principal, for violations of RCW 19.16.250, pursuant to RCW 19.16.450.

AMENDED COMPLAINT -- 25

6.      For an award to Plaintiff of actual damages, for each violation of 15 U.S.C. § 1638(f), against Defendant pursuant to 15 U.S.C. § 1640(a).

7.      Declaring all payments on the loan due prior to September 7, 2015 (or six years prior to final judgment, whichever is later) barred by the six year statute of limitations.

8.      Declaring all interest, late fees, and other charges or fees forfeited, or denied due to laches, waiver and estoppel, which were not timely assessed or not timely billing under the 30 days and/or 45 days requirements of RCW 31.04.290(1)(a).

9.      Declaring forfeiture of interest and other charges during any "charge off" periods.

10.     For an award of costs of litigation and reasonable attorney's fees pursuant to RCW 19.86.090, 15 U.S.C. § 1692k(a)(3), 12 U.S.C. § 2605(f)(3), 15 U.S.C. § 1640(a)(3), and other applicable laws, against Defendant and for Plaintiff.

11.     For such other and further relief as may be just and equitable.


RESPECTFULLY SUBMITTED this 7th day of September 2021.


/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Plaintiff


Lake Hills Legal Services, P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington  98008
Tel:  (425) 829-5305
Fax:  (425) 526-5714

AMENDED COMPLAINT -- 26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Proof of Service</u>**

I certify that, on September 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered with CM/ECF, including the Honorable James L. Robart, and all counsel of record for the other parties to this case, including the following people listed on the system:

**Joseph W. McIntosh   <u>jmcintosh@mccarthyholthus.com</u>**

**Richard Lamar Pope , Jr   <u>rp98007@gmail.com</u>**

Signed at Bellevue, Washington this 7th day of September 2021.


*/s/ Richard L. Pope, Jr.*
RICHARD L. POPE, JR.

AMENDED COMPLAINT -- 27

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**